UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| THOMAS H. CLARK | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case Nos. 4:02-CR-17 / 4:10-CV-39 |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MEMORANDUM

Before the Court is Petitioner Thomas H. Clark's ("Clark") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Court File No. 212) (all docket citations are to 4:02-CR-17). Following a jury trial in 2005, Clark was convicted of multiple cocaine base distribution and firearm counts. He was sentenced to an aggregate term of 420 months' incarceration—60 months for possessing a firearm in furtherance of drug trafficking and 360 months on the remaining counts. Clark's direct appeal was denied in 2009.

**A. Habeas Relief and Amended Sentence**

In 2012, the judge previously assigned to this case issued a memorandum and order, incorporated herein by reference, denying all of Clark's § 2255 claims accept one (Court File No. 232). The judge determined that Clark may have received ineffective assistance of counsel when his appellate counsel failed to appeal Clark's career offender enhancement in light of *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Baker*, 559 F.3d 443 (6th Cir. 2009).[1]

---

[1] The court noted,

Clark has shown that, the performance of his counsel on appeal was not objectively reasonable and it caused prejudice to Clark's case. In light of *Baker*, 559 F.3d 443, there is

These case were decided after Clark's original appeal had been briefed at the United States Court of Appeals for the Sixth Circuit but before that court had issued its opinion.

The district judge held that, with the exception of the above ineffective assistance of counsel claim, "all of the claims presented by [Clark] in his motion for post-conviction relief pursuant to 28 U.S.C. § 2255 are DENIED and DISMISSED WITH PREJUDICE" (*id.*, p. 28). The judge reserved final judgment, however, because pursuant to *Baker* it was deemed

> necessary and appropriate to hold a limited evidentiary hearing to determine whether Clark is entitled to relief under 28 U.S.C. § 2255 and should be resentenced. Consistent with *Baker*, 559 F.3d at 455, the hearing shall be strictly limited to two issues: (1) whether Clark's prior Tennessee felony convictions for reckless endangerment by dangerous weapon and reckless endangerment by motor vehicle qualify as "crimes of violence" under U.S.S.G. §§ 4B1.1 and 4B1.2; and (2) whether Clark is properly classified as a career offender under U.S.S.G. § 4B1.1.

(*id.*, p. 28).

The case was subsequently transferred to the present Court, which held an evidentiary hearing on August 26, 2013. At the hearing the Court ruled that Clark was indeed entitled to relief under § 2255 because he was prejudiced by the ineffectiveness of his appellate counsel in failing to challenge Clark's USSG § 4B1.1 enhancement in light of *Begay*, *Baker*, and *Descamps v. United States*, 133 S. Ct. 2276 (2013). The Court determined that Clark's prior reckless endangerment convictions were not predicate "crimes of violence" under USSG § 4B1.2. Thus Clark should not have received the career offender enhancement, which had raised his offense level to 37 and his

---

a reasonable probability that, but for his counsel's deficient performance on the direct appeal to the Sixth Circuit, the result of the criminal proceeding would have been different and more favorable to Clark concerning his sentence of imprisonment. Therefore, Clark's waiver of his claim of sentencing error is excused and overcome by the ineffective assistance of counsel. *Weinberger*, 268 F.3d at 352. Clark states a viable claim for post-conviction relief that is cognizable under 28 U.S.C. § 2255.

(Court File No. 232, p. 23).

2

criminal history category to VI. The government agreed.[2]

After further briefing by the parties, the Court held a hearing on December 16, 2013 to determine Clark's new sentence. The Court determined that Clark's amended sentence should accord with the Guidelines and PSR used during his initial sentencing, setting aside the no-longer-applicable career offender enhancement. *See United States v. Hadden*, 475 F.3d 652, 665 (4th Cir. 2007) ("The goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance.") (internal quotation marks omitted). Without the enhancement, Clark's offense level was determined to be 34, based on drug weight of 171 grams of cocaine base, and his criminal history category was V, based on 12 criminal history points. This produces a Guidelines range of 235 to 293 months imprisonment; however, after adding the mandatory, consecutive 60-month term for the 18 U.S.C. § 924(c) violation, Clark's effective Guidelines range becomes 295 to 353 months. For the reasons stated on the record, the Court determined that Clark's sentence of imprisonment shall be amended to **295 months**.

### B. New Crack Cocaine Guidelines

The parties also discussed at the hearing whether Clark was eligible to receive the benefit of the current version of the Sentencing Guidelines' lower punishment for crack cocaine offenses. *See* USSG Supp. to App. C, amends 750 & 759. The Court determined that Clark's § 2255 suit was not the proper vehicle for such a sentence modification. Instead, 18 U.S.C. § 3582(c)(2) is the proper procedural mechanism for seeking a sentence reduction based on a lowered crack guideline.

---

[2] In its brief the government noted,"counsel for the government is prepared to concede that neither of the petitioner's convictions for Reckless Endangerment satisfies the definition for a crime of violence as that term is defined pursuant to the Career Offender guideline" (Court File No. 247, p. 2).

Section § 3582(c)(2) applies "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission . . . ." In such an event, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Here, Clark has neither filed a § 3582(c)(2) motion nor was his original sentence "based on a sentencing range that has subsequently been lowered." Rather, his sentence was based on USSG § 4B1.1, the career offender guideline, which has not been subsequently lowered. *See United States v. Williams*, 607 F.3d 1123, 1124 (6th Cir. 2010). The Court acknowledged during the hearing that Clark may in the future wish to file a motion for a reduced sentence pursuant to § 3582(c)(2) based on his *amended* sentence produced by the instant habeas relief. If he chooses to do so, the Court will then address Clark's arguments for a sentence reduction based on the new crack guidelines, taking into account relevant 3553(a) factors as required under § 3582(c)(2).[3]

### C. Motion to Amend Habeas Petition

Before the most recent hearing, Clark moved to amend his § 2255 petition to add a claim that his appellate counsel was ineffective in not challenging the drug weight (171 grams) attributed to

---

[3] Separate from the Guidelines question, the Court also notes it determined at the hearing that the Fair Sentencing Act ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), did not apply to Clark because it was enacted after Clark was sentenced (2005) and his direct appeal denied (2009). *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012) (noting that "the Fair Sentencing Act's new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders"). In describing the "background principle" of the FSA, *Dorsey* refers to the FSA applying to "initial sentencing." There is no indication it would apply to an amended sentence pursuant to 28 U.S.C. § 2255, as the goal of habeas relief is to put the petitioner in the same position he or she would have been but for the constitutional error.

4

Clark during his initial sentencing (Court File Nos. 250 and 255). Clark acknowledges that such an amendment would fall well outside the one-year statute of limitations prescribed by § 2255(f). To amend his petition after the one-year period has expired, Clark must show that the new claim relates back to his original habeas petition; that is, it must be based on the "same core facts" relied upon in the timely-filed petition. *Mayle v. Felix*, 545 U.S. 645, 650 (2005). An untimely claim can only relate back if there is a "common core of operative facts uniting the original and newly asserted claims" *Id.* at 646. If this were not so, "AEDPA's limitation period would have slim significance." *Id.* Merely arising out of the same prosecution, conviction, or sentence is an insufficient nexus. *Id.*

Clark fails to show how his appellate counsel's decision not to challenge the drug amount on direct appeal is factually related to the question of whether his appellate counsel was ineffective in not citing fresh authority regarding the career offender enhancement. A finding of ineffective assistance regarding one issue does not necessarily mean counsel was ineffective in raising others, especially ones which would have been futile. In short, Clark has not demonstrated a relationship between the two claims that would allow him to relate one back to the other. If such claims could relate back merely because both are based on assertions of ineffective assistance of counsel, it would open the door to petitioners adding numerous new claims outside the one-year window, given that so many habeas challenges are rooted in claims of ineffective assistance of counsel. "AEDPA's limitation period would have slim significance" if that were to occur. *Id.*

On one other unrelated matter, for the reasons stated on the record the Court also denied Defendant's *pro se* motions to change the prosecutor (Court File No. 257), appoint new counsel (Court File No. 258), and disqualify the judge (Court File No. 259).

**D. Conclusion**

For the above reasons, the Court will **GRANT** Clark habeas relief based on the ineffective assistance of his appellate counsel in not challenging Clark's career offender enhancement (Court File No. 212). Accordingly, the Court will **AMEND** Clark's sentence of imprisonment to **295 months**. As reflected in the memorandum and order issued by the judge previously assigned to this case (Court File No. 232), Defendant's remaining § 2255 claims are **DENIED** and **DISMISSED** as without merit. Also, Defendant's motion to amend his habeas petition will be **DENIED** (Court File No. 255).

The Court advises Clark that he has the right to appeal the amended sentence. However, the Court **CERTIFIES** that any appeal from denial of Clark's other habeas claims would not be taken in good faith and would be frivolous. Therefore, any application by Clark for leave to proceed *in forma pauperis* on appeal for those claims will be **DENIED**. Fed. R. App. P. 24. Should Clark give timely notice of an appeal from denial of those claims, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed, with the exception of the successful habeas claim described above, to make a substantial showing of the denial of a constitutional right or that jurists of reason could debate the Court's resolution of his § 2255 motion. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot* [*v. Estelle*, 463 U.S. 880, 894 (1983),] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" (citation omitted)); 28 U.S.C. § 2253(c)(2); Rule 22(b) of the Federal Rules of Appellate Procedure.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

7