UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: 4:02-CR-17-001 |
| v. | ) | |
| | ) | |
| THOMAS H. CLARK | ) | Judge Curtis L. Collier |

## MEMORANDUM

Before the Court is Defendant Thomas H. Clark's ("Defendant") motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 750 (Court File No. 267). After considering the motion, the amendments, the nature of Defendant's crimes, and Defendant's history, the Court will **GRANT** Defendant's motion.

## I. BACKGROUND

After several controlled purchases of cocaine base (or "crack") from Defendant and his co-conspirators in 2001 and 2003, law enforcement conducted a search of the mobile home in Shelbyville, Tennessee from which Defendant and co-conspirators were selling crack. Agents seized digital scales and several bags of crack, which amounted to 26 grams. They also found 3 grams of marijuana on Defendant's person as well as a loaded 9mm semi-automatic pistol in a kitchen cabinet near him. Witnesses testified that Defendant mainly served as a bodyguard for Katherine Haston, the leader of the conspiracy, and that during the execution of the warrant he pulled the 9mm from his waistband and put it in the cabinet. Although Defendant sometimes sold crack directly to customers, he was mainly considered the "enforcer." During the timeframe of the conspiracy, Haston was stopped with 117 grams of crack. Although Defendant was not present, this amount was taken into account when he was sentenced.

After a 2005 jury trial, Defendant was convicted of conspiring to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count One); distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two); aiding and abetting the possession of at least five grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Count Five); aiding and abetting the possession of a firearm in furtherance of the drug trafficking crime charged in Count Five, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Six); possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Seven); and possessing marijuana, in violation of 21 U.S.C. § 844 (Count Ten).

At sentencing, Defendant was held responsible for 171 grams of cocaine base, which under the 2004 version of the sentencing guidelines established a base offense level of 34. His 12 criminal history points put him in criminal history category V. However, because Defendant was classified as a career offender under USSG § 4B1.1 (he had a prior drug conviction and two reckless endangerment convictions), Defendant's offense level and criminal history category was raised to 37 and VI, respectively. This produced a guideline range of 360 months to life imprisonment, followed by a mandatory five-year consecutive term for violating § 924(c). Thus his effective range was 420 months to life. In 2005, United States District Judge R. Allan Edgar sentenced Defendant to 420 months' imprisonment. Defendant's direct appeal was denied.

After holding an evidentiary hearing in August 2013, this Court determined that Clark's prior reckless endangerment convictions did not qualify as predicate "crimes of violence" under USSG § 4B1.2 and that Defendant was entitled to an amended sentence (Court File No. 262). Based on the 2004 guidelines, the Court determined that his new guideline range was 295 to 353 months, which was arrived at by adding the 60-month consecutive sentence under § 924(c) to the 235 to 293

months guideline range produced by his offense level of 34 and criminal history category of V. In December 2013, the Court sentenced Defendant to 295 months' imprisonment. The Court noted that it would review any § 3582(c)(2) motion Defendant might subsequently file, considering that his amended sentence was based on a guideline that had changed. Acting *pro se*, Defendant has filed such a motion (Court File No. 267). The government responded in opposition (Court File No. 269) and Defendant filed a reply (Court File No. 271).


## II.     DISCUSSION

A district court may only modify a defendant's sentence as permitted by statute. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009). Congress has provided that a district court may reduce a defendant's sentence, consistent with Sentencing Guidelines policy statements, when a change in the guidelines affects the calculation of the applicable sentencing range. 18 U.S.C. § 3582(c)(2). Congress has also directed the United States Sentencing Commission to establish the parameters within which a defendant's sentence may be reduced pursuant to such a change. "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 944(u). The Supreme Court has established a two-step inquiry for § 3582(c)(2) analyses: the district court "must (1) determine the scope of the reduction, if any, authorized by [USSG] § 1B1.10, and then (2) consider whether the authorized reduction is warranted according to the applicable § 3553(a) factors." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

### A. Applicability of Amendment 750

Passed in 2010, Amendment 750 to the guidelines reduced the base offense level for crack

3

convictions. Pursuant to § 944(u) and USSG § 1B1.10, the Commission authorized district courts to lower prisoners' sentences accordingly. Here, Amendment 750 provides a base offense level of 28 for a quantity of 171 grams of cocaine base. *See* USSG § 2D1.1(c)(6). With a criminal history category of V, Defendant's guideline range would be 130 to 162 months. Once the mandatory consecutive 60 months is added under § 924(c), Defendant's effective guideline range is 190 to 222 months.[1] The government does not dispute that § 1B1.10 authorizes such a guidelines range.

## B. Section 3553(a) Factors and Post-Sentencing Conduct

The Court now must determine whether "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. The Court is required to analyze the 18 U.S.C. § 3553(a) factors and the danger to the public posed by a sentence reduction. USSG § 1B1.10 cmt. n. 1(B).[2] In addition, "the court *may* 'consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment.'" *United States v. Griffin*, 520 F. App'x 417, 419 (6th Cir. 2013) (emphasis in original) (quoting USSG § 1B1.10 cmt. n. 1(B)(iii)).

---

[1] Defendant provides 130 to 162 months for the new guideline range but fails to mention the mandatory consecutive five years under § 924(c).

[2] Under § 3553(a), in addition to "the nature and circumstances of the offense and the history and characteristics of the defendant," the Court also considers

> the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Somewhat redundantly, the guidelines provide that the Court must also "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." USSG § 1B1.10 cmt. n. 1(B)(ii).

Here, the government argues that Defendant should not receive the full six-level reduction and a sentence at the bottom of the new guideline range, given the seriousness and extent of his criminal activities and the threat to public safety if he is released. The government notes that Defendant, just 24 when sentenced, already had a criminal history of V. He had numerous juvenile offenses (assault, robbery, and aggravated robbery) and adult offenses (reckless driving, recklessly discharging a firearm, and resisting arrest). Also, evidence at trial showed that Defendant, serving as the ringleader's bodyguard, used a firearm to protect the crack distribution conspiracy. The government also avers that before trial Defendant attempted to direct two co-defendants to produce false affidavits that would have exonerated Defendant.[3] Without providing detail, the government also states that "according to information from the Bureau of Prisons, the defendant has incurred several disciplinary violations which suggest that, even while incarcerated, he lacks respect for the law." The government asserts that the present sentence of 295 months' imprisonment is no greater than necessary to satisfy the § 3553(a) factors.

Defendant argues for the full offense level reduction under Amendment 750 and a sentence at the bottom of the resulting guideline range. There are adequate reasons for granting this request. The Court acknowledges the serious nature of Defendant's crimes and his criminal history. However, the Court also notes that Defendant was in his late teens and early twenties when he made these poor decisions, and he is now approaching middle age. Also, Defendant's significant criminal history is adequately taken into account by his criminal history category of V. Additionally, the fact that Defendant possessed a gun in relation to his drug offenses is already taken into account with the consecutive five-year term under § 924(c), which is incorporated into his effective guideline

---

[3] Defendant points out that the government did not seek a sentencing enhancement for obstruction of justice.

range.    The Court also finds Defendant's post-sentencing conduct relevant. The Court has received information from BOP showing no disciplinary problems in Defendant's record since 2009, when he was charged with allowing another inmate to use his account to place a phone call. The Court also understands that Defendant was charged in 2002 with telephone abuse and fighting and in 2007 with being absent from assignment. Though no infraction is inconsequential, when viewed in light of Defendant's long prison stay the Court cannot say that his militate against a sentence reduction, especially when the most serious one (fighting) occurred twelve years ago, before trial.

The Court is pleased to learn that Defendant received his GED in 2008. Further, although Defendant only began taking vocational training classes in December 2007, he has already accumulated an astounding 3,420 hours of class time, mostly in the HVAC and electrical wiring fields. His work evaluations have been positive. It appears that despite some early troubles, Defendant made a decision to use his time in prison to gain education and learn vocational skills that will hopefully serve him well upon release. Defendant's path will not be easy, but he has shown serious interest in tackling the challenge. While the Court can never be completely satisfied that a released prisoner will not re-offend, Defendant's activities in prison help assuage the Court's concerns.

Further, a sentence of over fifteen years for a man in his early twenties who committed crimes involving drug distribution and the possession of a gun, but no violence, is sufficient to serve the sentencing goal of retribution. Such a long sentence also provides a significant deterrent effect for defendant and others. And because of Defendant's age, length of incarceration, and progress while in custody, the Court does not find that applying the sentence reduction would present an unreasonable risk of harm to others. In sum, although Defendant's crimes and criminal history are

6

serious, the Court concludes that applying the full guideline reduction under Amendment 750, and sentencing Defendant at the bottom of the resulting guideline range, is sufficient but not greater than necessary to serve the § 3553(a) factors and does not present an unreasonable risk to public safety.

## III.     CONCLUSION

For the above reasons, the Court will **GRANT** Defendant's motion for retroactive application of Amendment 750 (Court File No. 267) and will **REDUCE** Defendant's sentence to a term of imprisonment of **190 months**. All other aspects of the Court's Judgment will remain unchanged.

An Order shall follow.

**/s/** _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**